# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL CABRERA-ALEJANDRE, BOP #09376-097, <br><br> Plaintiff, <br><br> vs. <br><br> U.S.A; FRED LAWRENCE, CEO/Warden; DAVID LUSCHE, Lieutenant; JOHN DOES 1-5; JANE DOES 1-5; LINDSTEDT, Health Services Administrator; SORIA QUAWITY, Assoc. Health Service Administrator; R. MURRELL, Grievance Committee Member; M. LAKE, Grievance Committee Member; S. SORIA, Grievance Committee Member; RIVERA, Supervisor of Unit B/G, <br><br> Defendants. | Civil No.   09-0846 WQH (AJB) <br><br> **ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiff, a federal inmate currently incarcerated at the Federal Correctional Complex in Petersburg, Virginia and proceeding pro se, has filed a civil action pursuant to *Bivens v. Six Unknown Named Federal Narcotics Agents*, 403 U.S. 338 (1971) and the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.[1] Plaintiff claims Defendants acted with deliberate indifference to

---

[1] "*Bivens* established that compensable injury to a constitutionally protected interest [caused by federal offficials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question jurisdiction of the federal courts." *Butz v. Economou*, 438 U.S. 478, 486 (1978); *Wilkie v. Robbins*, 551 U.S. 537, __, 127 S. Ct. 2588, 2597 (2007). "Actions

his serious medical needs while he was detained in the San Diego Correctional Facility from July 2007 through February 2008. (Compl. ¶ 25.) Plaintiff seeks compensatory and punitive damages as well as attorney's fees. (*Id.* ¶¶ 39, 46.)

## I.

### Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Here, Plaintiff has not prepaid the $350 filing fee required to commence a civil action, nor has he submitted a Motion to Proceed IFP. Therefore, the case must be dismissed pursuant to 28 U.S.C. § 1914(a). *Id.*

## II.

### Conclusion and Order

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this action sua sponte without prejudice for failing to pay the $350 filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(2) **GRANTS** Plaintiff **forty five (45)** days leave from the date this Order is filed to: (a) prepay the entire $350 civil filing fee in full; *or* (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2(b).[2]

---

under § 1983 and those under *Bivens* are identical save for replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

[2] Plaintiff is cautioned that if he chooses to proceed further with this action either by paying the full civil filing fee required by 28 U.S.C. § 1914(a), or moving to proceed IFP, his Complaint will be subject to the mandatory screening provisions of 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(b). *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *see also Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (discussing sua sponte screening required by 28 U.S.C.§ 1915A(b)). Moreover, such a dismissal may be counted as a "strike" against Plaintiff if he requests IFP status in any future civil action filed while he is incarcerated. *See*

1      **IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with this
2  Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma*
3  *Pauperis*." If Plaintiff fails to either prepay the $350 civil filing fee or complete and submit the
4  enclosed Motion to Proceed IFP within that time, this action shall remain dismissed without
5  prejudice and without further Order of the Court.

6  DATED:  April 29, 2009

                              **WILLIAM Q. HAYES**
                              United States District Judge

---

28  *Andrews*, 493 F.3d at 1052 (under the Prison Litigation Reform Act, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").