# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL CABRERA-ALEJANDRE,<br><br>    Plaintiff,<br>vs.<br><br>MR. DAVID LUSCHE,<br>MS. MARIA MOREL,<br>LT. COMMANDER LINDSTEDT,<br><br>    Defendants. | CASE NO. 09cv846-WQH (MDD)<br><br>REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT<br><br>[DOC. NO. 38] |

### I.  PROCEDURAL HISTORY

On April, 15, 2009, Manuel Cabrera-Alejandre ("Plaintiff"), a Federal prisoner proceeding *pro se*, filed a Complaint naming fifteen individuals and the United States as defendants. (Doc. No. 1). The Complaint was fashioned as a Bivens action.[1] Id. On June, 8, 2009, United States District Judge William Q. Hayes dismissed Plaintiff's Complaint for failure to state a claim, and granted 45 days to amend. Id.

On August 5, 2009, Plaintiff filed a First Amended Complaint ("FAC") claiming violation of his Eighth Amendment rights. (Doc No. 7). The FAC named Fred Lawrence, Rupert Rivera,

---

[1] In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, the Supreme Court established an implied private right of action against federal officials for tortious deprivations of constitutional rights. Bivens, 403 U.S. 388 (1971). Bivens is the federal analog to suits brought against state officials under 42 U.S.C. § 1983. Hartman v. Moore, 126 S.Ct. 1695, 1700 n. 2 (2006).

1  Lt. Lindstedt, David Lusche, and Maria Morel as defendants. Id. On November 16, 2009, Fred
2  Lawrence and Rupert Rivera filed a Motion to Dismiss Plaintiff's FAC because: (1) Plaintiff had
3  not exhausted his administrative remedies; (2) Defendants were not involved in the medical care
4  provided to Plaintiff, and therefore owed no duty of care to Plaintiff; and (3) Plaintiff failed to
5  causally connect them to any of the wrongs alleged in his Complaint. (Doc. No. 15). On January
6  27, 2010, Judge Hayes dismissed Plaintiff's First Amended Complaint without prejudice as to
7  Defendants Lawrence and Rivera, and granted Plaintiff leave to amend within 60 days. (Doc. No.
8  21).
9        On April 21, 2010, Plaintiff filed a Second Amended Complaint ("SAC") naming David
10 Lusche, Maria Morel, and Lt. Commander Lindstedt ("Defendants") as Defendants. (Doc. No.
11 26). The SAC was also fashioned as a Bivens action. Id. In his SAC, Plaintiff claims Defendants
12 violated his Fifth and Eighth Amendment rights. Id. On May 12, 2011, Defendants filed a Motion
13 to Dismiss Plaintiff's SAC. (Doc. No. 38). The Motion to Dismiss asserted that the Court lacked
14 subject matter jurisdiction because Defendants were absolutely immune from suit in a Bivens
15 action. Id. Defendants contend that because they are employees of the United States Public
16 Health Service ("USPHS") they are immune from suit, so long as the alleged acts were performed
17 within the scope of their employment. Id. Attached to Defendants' Motion were sworn
18 declarations from each Defendant stating that, at the time relevant to Plaintiff's allegations, they
19 were both officers of the USPHS, and that their only contact with Plaintiff was within the scope of
20 their duties as officers of the USPHS. Id. On June 9, 2011, Plaintiff filed a Response in
21 Opposition to Defendants' Motion to Dismiss Plaintiff's SAC. (Doc. No. 41). On June 14, 2011,
22 Defendants filed a Reply to Plaintiff's Opposition. (Doc. No. 42).
23     **II.    STATEMENT OF THE FACTS**
24       The facts are taken from the Plaintiff's SAC and are not to be construed as findings of fact
25 by the Court.
26       Plaintiff is a prisoner in the custody of the United States, currently housed at Federal
27 Correctional Institution Low, in Petersberg, Virginia. SAC at 1. Plaintiff claims that in July 2006,
28 he injured his back while he was an inmate of the Metropolitan Detention Center, in San Diego,

1  California. SAC at 3. On July 19, 2007, Plaintiff was seen at Alvarado Hospital in San Diego,
2  California, an MRI was performed on his lower back, and he was diagnosed with a serious back
3  condition. Id. Further treatment was recommended, including orthotic shoes, physical therapy,
4  and corrective surgery. Id.
5        On July 20, 2007, Plaintiff was transferred to a Corrections Corporation of America
6  ("CCA") facility in San Diego. Id. at 4. USPHS was in charge of all health care provided at CCA.
7  Id. All three Defendants were employed by USPHS during the time relevant to the instant suit.
8  (See SAC at 8; Decl. of Lindstedt; Decl. of Lusche; Decl. of Morel). Defendant Morel, a Nurse at
9  CCA, provided Plaintiff's initial health screening at CCA, and characterized his back condition as
10 "requiring special attention." SAC at 4. Plaintiff also complained of poor health regarding his
11 eyes, ears, and rectum. Id. On July 25, 2007, Defendant Lusche, a Physician Assistant at CCA,
12 examined Plaintiff and referred him to an orthopedic specialist for further examination of his back
13 problem. Id. At this time, Defendant Lusche told Plaintiff that eye care was not a "covered
14 benefit," but promised to treat Plaintiff's other medical needs. Id. Plaintiff claims that because his
15 condition was left untreated he sustained headaches, dizziness, double-vision, sensitivity to light,
16 and scratchy watery eyes. Id.
17       Plaintiff further claims that although Defendants were aware of the treatment
18 recommendations made before his transfer to CCA, they disregarded those recommendations. Id.
19 Documents provided by Plaintiff show that by July 27, 2007, Defendant Lusche was aware of the
20 results of Plaintiff's MRI examination done on July 19, 2007. (Doc. No. 26-1). As a result of
21 Plaintiff's medical treatment, or lack thereof, Plaintiff claims he suffers "irreparable back pain,
22 degenerative arthritis of the lumbar region, sustained headaches, dizziness, hearing problems, and
23 irritation and damage to his eyes, ears and rectum as well as skin and sensitization to
24 materials[sic]." Id at 5. Defendant Lindstedt is not mentioned by name in Plaintiff's SAC other
25 than to identify Lindstedt as a Health Services Administrator. SAC at. 2.
26       Contrary to Plaintiff's claim that his conditions went untreated, Plaintiff provided exhibits,
27 attached to his SAC, documenting that he was "evaluated on several occasions, prescribed
28 medication for pain, issued appropriate medical restrictions and provided education regarding [his]

1  medical condition." (Doc. No. 26-1). It was recommended to Plaintiff that he purchase pain
2  medication through the CAA commissary but Plaintiff failed to do so despite having sufficient
3  financial resources. (Doc. No. 26-1).

4  **III.   STANDARD OF REVIEW**

5  Federal Courts are "courts of limited jurisdiction" and possess only that power authorized
6  by the Constitution or statute. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377
7  (1994) (citations omitted). The burden of establishing jurisdiction is on the party asserting
8  jurisdiction. Id. However, the Court may, on its own accord, determine whether subject matter
9  jurisdiction exists. See Fed.R.Civ.P. 12(h)(3) ("If the Court determines at any time that it lacks
10 subject-matter jurisdiction, the Court must dismiss the action.").

11 On a motion to dismiss a complaint for lack of subject matter jurisdiction, the facts alleged in
12 the complaint are taken as true. See Whisnant v. United States, 400 F.3d 1177, 1179 (9th Cir.
13 2005). Further, when considering a motion to dismiss for lack of subject matter jurisdiction, the
14 Court is not restricted to the face of the pleadings. Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947).
15 The Court may review any evidence, such as affidavits and testimony, to resolve factual disputes
16 concerning the existence of jurisdiction. Id.

17 **IV.   DISCUSSION**

18 The Public Health Services Act Title 42, United States Code § 233(a) provides:

19 (a) Exclusiveness of remedy

20 The remedy against the United States provided by sections 1346(b) and
   2672 of Title 28, or by alternative benefits provided by the United States
21 where the availability of such benefits precludes a remedy under section
   1346(b) of Title 28, for damage for personal injury, including death,
22 resulting from the performance of medical, surgical, dental, or related
   functions, including the conduct of clinical studies or investigation, by any
23 commissioned officer or employee of the Public Health Service while
   acting within the scope of his office or employment, shall be exclusive of
24 any other civil action or proceeding by reason of the same subject-matter
   against the officer or employee (or his estate) whose act or omission gave
25 rise to the claim.

26 Section 233(a) limits the remedies available to Plaintiffs seeking redress against officers of
27 the USPHS. In Hui v. Castaneda, 130 S.Ct. 1845 (2010), the Supreme Court addressed the scope
28 of § 233(a). The Court stated that "[s]ection 233(a) grants absolute immunity to PHS officers and

employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." <u>Hui</u>, 130 S.Ct. at 1851; <u>see</u> also <u>Kostyo v. Harvey</u>, 2010 WL 3522449 (N.D.Ohio 2010) (dismissing claims against USPHS officers because they were immune from suit in a <u>Bivens</u> action). The Court further stated that "proof of scope [of employment] is in most § 233(a) cases established by a declaration affirming that the defendant was a PHS official during the relevant time period." <u>Hui</u>, 130 S.Ct. at 1854. Consequently, a suit such as this may only be brought against the United States under the Federal Tort Claims Act. <u>See id.</u> at 1848.

Plaintiff's SAC alleges deficiencies in medical care provided to Plaintiff by Defendants who were and acted as officers of the USPHS. Each Defendant has submitted a sworn declaration to that effect. (Decl. of Lindstedt; Decl. of Lusche; Decl. of Morel). Because Defendants are absolutely immune from liability in a <u>Bivens</u> action for the acts alleged by Plaintiff, this Court lacks subject matter jurisdiction. <u>See Hui</u>, 130 S.Ct. at 1851; <u>see</u> also <u>Adekoya v. Holder</u>, 751 F.Supp.2d 688, 693-94 (S.D.N.Y. 2010) (dismissing an immigration detainee's <u>Bivens</u> claims against USPHS defendants for lack of subject matter jurisdiction); <u>Murrell v. Serrato</u>, 2010 WL 3705288, at 3-4 (D. Ariz. Sept. 14, 2010) (dismissing prisoner plaintiff's <u>Bivens</u> claims against USPHS employees due to a lack of subject matter jurisdiction); <u>see</u> also <u>Gonzalez v. Holder</u>, 763 F.Supp.2d 145, 151 (D.D.C. 2011).

Accordingly, the Court **RECOMMENDS** that Defendants' Motion be **GRANTED**, regarding all Defendants and that Plaintiff's SAC should be dismissed with prejudice.

### **V.    CONCLUSION**

For the reasons set forth herein, it is **RECOMMENDED**:

1) Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint be **GRANTED** with prejudice.

This report and recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (1988). Any party may file written objections with the Court and serve a copy on all parties by <u>September 6, 2011.</u> The document shall be captioned "Objections to Report and Recommendation." Any reply to the

1 | objections shall be served and filed by September 13, 2011.

2 | The parties are advised that failure to file objections within the specified time may waive the
3 | right to raise those objections on appeal of the Court's order. Martinez v. Ylst, 951 F.2d 1153,
4 | 1156-57 (9th Cir. 1991).

5 | **IT IS SO ORDERED.**

6 | DATED: August 12, 2011

8 | Hon. Mitchell D. Dembin
9 | U.S. Magistrate Judge