# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL CABRERA-ALEJANDRE, | CASE NO. 09cv846-WQH-MDD |
| Plaintiff, | ORDER |
| vs. | |
| MR. DAVID LUSCHE, MS. MARIA MOREL, LT. COMMANDER LINSTEDT, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (ECF No. 43) issued by United States Magistrate Judge Mitchell D. Dembin, recommending that Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 38) be granted.

## BACKGROUND

On April 15, 2009, Plaintiff, a federal prisoner proceeding *pro se*, filed a Complaint fashioned as a *Bivens* action[1] against the United States and fifteen individual Defendants. (ECF No. 1).

On April 21, 2010, Plaintiff filed the Second Amended Complaint, which is the operative pleading, against three individual Defendants. (ECF No. 26). Plaintiff alleges that

---

[1] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 338 (1971).

1 in July 2007 and November 2007, while Plaintiff was incarcerated at a Corrections Corporation
2 of America facility in San Diego, California, the Defendants "acted with deliberate
3 indifference to Plaintiff's health and safety" by providing "inadequate health care treatment."
4 *Id.* ¶¶ 28, 29.

5 On May 12, 2011, all Defendants filed a Motion to Dismiss the Second Amended
6 Complaint for lack of subject matter jurisdiction. (ECF No. 38). Defendants contend that,
7 because they were at all relevant times employees of the United States Public Health Service
8 ("USPHS") acting within the scope of their employment, they are absolutely immune from suit
9 in a *Bivens* action.

10 On August 12, 2011, the Magistrate Judge issued the Report and Recommendation.
11 (ECF No. 43). The Report and Recommendation recommends that Defendants' Motion to
12 Dismiss be granted on the basis that Defendants are absolutely immune from suit. The Report
13 and Recommendation recommends that Plaintiff's Second Amended Complaint be dismissed
14 with prejudice.

15 On September 16, 2011, Plaintiff filed Objections to the Report and Recommendation.
16 (ECF No. 45). Plaintiff requests this "Court to convey such petition for relief under [the]
17 Federal Tort Claim[s] Act if that [is] the avenue that ... give[s] this ... Court the jurisdiction to
18 [consider] ... this case." *Id.* at 1.

19 On September 21, 2011, Defendants filed a Reply to Plaintiff's Objections. (ECF No.
20 47). Defendants contend that the Magistrate Judge correctly recommended that the Court lacks
21 subject matter jurisdiction and Plaintiff's claim should be dismissed with prejudice.

22 DISCUSSION

23 The duties of the district court in connection with a Report and Recommendation of a
24 Magistrate Judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b).
25 The district judge must "make a *de novo* determination of those portions of the report ... to
26 which objection is made," and "may accept, reject, or modify, in whole or in part, the findings
27 or recommendations made by the magistrate." 28 U.S.C. § 636(b).

28 The Court has considered all objections filed by Plaintiff and reviewed *de novo* all

portions of the Report and Recommendation. The Magistrate Judge correctly found that the affidavits submitted with the Motion to Dismiss, and not disputed by Plaintiff, were sufficient to establish that each Defendant was a commissioned officer of the USPHS acting within the scope of his or her employment at all relevant times. The Magistrate Judge correctly found that, pursuant to 42 U.S.C. § 233(a), the Federal Tort Claims Act is the exclusive remedy for any personal injury caused by a USPHS employee while performing a medical or related function while acting within the scope of his or her employment. *See Hui v. Castaneda*, 130 S. Ct. 1845, 1851 (2010). Defendants have presented evidence that Plaintiff has failed to file an administrative tort claim pursuant to the Federal Tort Claims Act within the two-year limitations period established by 28 U.S.C. § 2401(b). (Gantzel Decl. ¶¶ 2-3, ECF No. 47-1). "[B]ecause § 2401(b) is jurisdictional, [courts] must refrain from using equitable estoppel or equitable tolling to excuse Plaintiff's untimeliness." *Marley v. United States*, 567 F.3d 1030, 1037 (9th Cir. 2009). Accordingly, the Magistrate Judge correctly concluded that the Second Amended Complaint should be dismissed with prejudice. *See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court. Here, however, the bar of sovereign immunity is absolute: no other court has the power to hear the case, nor can the Frigards redraft their claims to avoid the exceptions to the [Federal Tort Claims Act]. Thus, the district court did not abuse its discretion in dismissing the action with prejudice.") (citation omitted).

## CONCLUSION

IT IS HEREBY ORDERED that: (1) the Report and Recommendation (ECF No. 43) is ADOPTED; (2) Defendants' Motion to Dismiss (ECF No. 38) is GRANTED; and the Second Amended Complaint is DISMISSED for lack of subject matter jurisdiction. The Clerk shall enter judgment for Defendants and against Plaintiff.

DATED: September 30, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge